WESTERN DIST.
*August, 1834.*

STATE
*vs.*
HAY ET ALS.

Where a contract is entered into while the party was a *femme covert* and some act is shown by her to have taken place after she became a *femme sole* by which she ratified it, it will be binding on her. So where the defendant is sued on her note, executed while a *femme covert,* for part of the price of a tract of land, and she retains possession of the land after her husband died, it will be considered a ratification of the contract and binding on her.

On examination of the record pending the application for a re-hearing, it appeared the record and judgment on the note, given for the first instalment of the price of the land, for which the note now in suit was also given, was in evidence, which showed, that the defendant and appellant, remained in the *possession of the land, after the death* of her husband. This fact is considered as a ratification of the contract, for which the note sued on was given, after she became a *femme sole.*

---

### STATE *vs.* HAY ET ALS.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE OF THE EIGHTH PRESIDING.

Forfeited penalties are recovered on motion, without the formality of any pleading.

Where a surrender is made of the accused into the custody of the law, even after forfeiture has been entered, and the state avails itself of it by trying the criminal, the bail are entitled to be discharged.

When the principal is tried and acquitted, before judgment for the recovery of the forfeited penalty on failure to appear at the first term, the bail will be discharged.

The district attorney for the Third Judicial District, gave a written notice, before the commencement of the April term, 1832, of the court, to be holden in the parish of East Feliciana, to the defendants, who were sureties in a recognizance, or bail-bond, for the appearance of one Nancy Hendrix at court, charged with a crime, that he should move for judgment against them, on the ground that the condition of the bond was broken, by the failure of the principal to appear at court, at the time mentioned therein.

The recognizance is dated 29th July, 1831, and conditioned that " the said Nancy Hendrix shall appear at *court,* on the first Monday of November following, and if it shall not be held, then on the first day on which it will be held, &c., then the above bond to be null," &c.

At the November term, 1831, an order was entered, declaring the recognizance forfeited, for the non-appearance of the principal therein ; and the sureties being called, and requested to produce the body of their principal in court, and having failed, it was ordered that their recognizance be forfeited.

The sureties showed, that at the next term they moved the court, and obtained leave, to surrender their principal into custody, which they did accordingly, and were discharged by order of the court. The accused was tried, and acquitted. The district judge, in granting the discharge, observed, that " at the succeeding term from that of the forfeiture of the recognizance, the court continued the cause for leave to the bail to produce the body of the principal in court at the next term. The next court adjourned on the second day of its session, and during the present term the bail have produced the principal, and surrendered her into open court in the custody of the law. It is not necessary to inquire whether bail can be discharged by a surrender of their principal, after the recognizance has been regularly forfeited ; for, the order made at the April term, 1832, granting the bail further time to comply with the conditions of their bond, operates as a

rescission of the previous order of forfeiture. The case, therefore, stands as if no forfeiture had been decreed. The principal, therefore, being now in custody, the court considers that the bail ought to be discharged."

The defendants pleaded the discharge, and had judgment accordingly.

*Brunot*, for the state.

1. The record shows, that the bond was regularly forfeited by the non-appearance of the principal. The state, then, acquired a right to the penalty, which could not be divested except by its consent. 4 *Black. Commentaries*, 253.

2. There is but one mode pointed out by law in this state, in which the court can pronounce on a bond forfeited, and which prescribes the *duty* of the court in pronouncing judgment upon the motion of the district attorney. 1 *Moreau's Digest*, 386.

3. The record of the court *a qua* shows a forfeiture of the bond. The securities, then, could only on the motion of the district attorney discharge themselves, by proving that before the forfeiture their principal had died, or other sufficient cause.

*Ripley* and *Lawson*, for the defendants.

1. The proceedings on the forfeiture of a recognizance must be had according to the ordinary forms of practice.

2. When the appellees were regularly called, and failed to produce the prisoner, the state should have taken a default against them, which, after the legal delay and proper showing, would have matured into a final judgment. 1 *Moreau's Digest*, 369, 386.

3. The judgment of forfeiture should have been signed by the judge, to make it valid.

*Martin, J.*, delivered the opinion of the court.

The state is appellant from a judgment which rejects its claim to the penalty of a recognizance, for the appearance of a person charged with an indictable offence.

The record shows, the accused and her bail were called, and did not appear; that the court extended the time for bringing the body of the defendant, till the first day of the ensuing term; that during that time, the principal was surrendered, tried and acquitted.

Errors in the rendition of the judgment are assigned, as follows :

1. The surrender was made after the expiration of the time allowed at common law, to the bail, to claim an *exoneratur*.

2. During the pending of the proceedings, by notice on the part of the state, for the recovery of the penalty, and after the *contestatio litis* was formed, the court was without authority to entertain a motion to discharge the bail.

3. The bail was discharged on motion, and without issue joined, while the state, having acquired a right to the penalty, was entitled to all the advantages of a party litigant in a court of justice.

4. After a forfeiture has been duly entered, it cannot be set aside in any other manner, than according to the act of 1818.

5. Admitting that the court had the right of extending the time for the surrender of the principal, the bail could not avail themselves of the extension after the period was expired.

It has appeared to us, the District Court did not err. Forfeited penalties are recovered on motion, without the formality of any pleading. The surrender of the accused having been made, the state having availed itself of it by trying the defendant, who was acquitted, and this being shown before judgment was awarded for the state, the bail were entitled to their discharge.

*Forfeited penalties are recovered on motion without the formality of any pleading.*

*Where a surrender is made of the accused into the custody of the law, even after forfeiture has been entered, and the state avails itself of it by trying the criminal, the bail are entitled to be discharged.*

*When the principal is tried and acquitted before judgment for the recovery of the forfeited penalty, on failure to appear at the first term, the bail will be discharged.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed.